**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3160
_____

MICHAEL AUGUSTIN VICTOR, JR.,
                                        Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A041 485 416
Immigration Judge:  Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 28, 2010
Before:  SLOVITER, CHAGARES AND WEIS, Circuit Judges

(Opinion filed: July 29, 2010 )

_____

OPINION
_____

PER CURIAM.

        Michael A. Victor, Jr., petitions for review of an order of the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition for

1

review in part, and dismiss it in part for lack of jurisdiction.

## I.

Victor was admitted to the United States as a permanent resident in February of 1989. In 2008, he was charged with being removable under section 237(a)(2)(B)(I) of the Immigration and Nationality Act ("INA") [8 U.S.C. § 1227(a)(2)(B)], for having been convicted of a controlled substance violation, other than a single offense involving possession for one's own use of 30 grams or less of marijuana. A.R. 482-84.[1] The IJ found that the controlled substance convictions had been established, rendering him removable, A.R. 92, but Victor applied for cancellation of removal under INA § 240A(a) [8 U.S.C. § 1229b(a)].[2]

---

[1] The charging documents reference a 2004 conviction for Criminal Possession of Marijuana and a 2002 conviction for Possession of Marijuana. A.R. 482.

Victor had earlier been charged with removability for having committed two or more crimes involving moral turpitude, on the basis of three other convictions, but the IJ determined that only one of the crimes involved moral turpitude, and that Victor was not removable for those convictions. A.R. 538.

[2] The section provides that "The Attorney General may cancel removal in the case of an alien who is inadmissible or deportable from the United States if the alien--

| | | |
|---|---|---|
| (1) | has been an alien lawfully admitted for permanent residence for not less than 5 years, | |
| (2) | has resided in the United States continuously for 7 years after having been admitted in any status, and | |
| (3) | has not been convicted of any aggravated felony. | |

8 U.S.C.A. § 1229b(a). The parties do not dispute Victor's prima facie eligibility for

2

After a hearing, the IJ, "somewhat reluctantly," granted Victor cancellation of removal as a matter of discretion. The Department of Homeland Security ("DHS") appealed, arguing that the negative factors, including Victor's extensive criminal record, made him unworthy of a favorable exercise of discretion. The BIA sustained the DHS's appeal.

In its decision, the BIA stated, citing 8 C.F.R. § 1003.1(d)(3)(i)-(ii), that it would review the ultimate discretionary decisions de novo, but would review the IJ's factual findings for clear error. The BIA noted Victor's "nine convictions since 2002 for offenses ranging in seriousness from marijuana possession, loitering, unauthorized use of a vehicle, and disorderly conduct to reckless endangerment, assault, obstruction of justice, resisting arrest, and acts injurious to a child arising from his violation of a protection order." A.R. 3. The BIA found his reckless endangerment conviction "particularly troubling" because it involved Victor exchanging gunfire with someone, and it could have caused death or injury to bystanders. The BIA also found that Victor's assault, resisting arrest, and acts injurious to a child convictions showed his propensity to use violence. The BIA cited <u>Matter of Jean</u>, 23 I. & N. Dec. 373, 383-84 (A.G. 2002), for the proposition that the Attorney General had "unequivocally expressed reluctance to extend discretionary relief to aliens who have committed "violent or dangerous' crimes." The BIA noted that although the IJ found Victor remorseful, the IJ also "concluded that his

cancellation of removal.

3

recidivism was evidence of a lack of genuine rehabilitation." A.R. 3. The BIA also considered the "substantial favorable equities," including the fact that Victor had been a lawful permanent resident since 1989 when he was a young child, the fact that he had "family ties to lawful permanent residents and United States citizens, including his 2-year-old child and his parents and siblings," the fact that he was engaged to be married to the mother of his child, and the hardship that Victor and his family would experience if he were to be removed to Haiti. The BIA stated that "discretion cannot be exercised in [Victor's] favor absent powerful evidence that he has no propensity to reoffend," and found that the "record does not contain such powerful evidence." Id. The BIA denied Victor's application for cancellation of removal and ordered him removed to Haiti. Victor filed a timely petition for review.

## II.

The Government argues that we lack jurisdiction because the BIA denied Victor's application for cancellation of removal in the exercise of discretion. The Government contends that Victor raises no colorable questions of law that might bypass the jurisdictional bar. The Government states that Victor asserts only that the BIA did not properly exercise its discretion in evaluating the evidence.

The Government is correct that "[t]his Court generally lacks jurisdiction to review discretionary decisions made under [8 U.S.C.] § 1229b regarding cancellation of removal." Mendez-Reyes v. Att'y Gen., 428 F.3d 187, 189 (3d Cir. 2005). Under the

4

Real ID Act, the Court retains jurisdiction to entertain constitutional claims and questions of law. Id. Victor argues in his brief that the BIA applied an incorrect legal standard and deprived him of a fair hearing, thereby denying him due process of law. We have jurisdiction to consider these questions within our jurisdiction. Victor also argues that the Government should have been estopped from charging him with removability based on the two marijuana convictions, because they could have been presented in his prior immigration proceedings. Although this is a legal question, we lack jurisdiction to consider it, because Victor did not exhaust his administrative remedies by presenting the argument to the BIA. 8 U.S.C. § 1252(d)(1).

Although we have jurisdiction over the petition for review, Victor has not shown that the BIA erred as a matter of law. Victor seems to argue that the BIA applied the wrong legal standard by finding that some of his crimes were violent. However, the BIA was not holding that his crimes were violent as a matter of law; rather, it was concluding, as a factual matter, that some of his crimes showed a propensity to use violence.[3] Victor has not demonstrated that the BIA applied any incorrect legal standard. Victor also seems to suggest that because the IJ granted him relief, the BIA should have

[3] In certain contexts, the question of whether a conviction is a "crime of violence" is a question of law, because the Court is determining whether the conviction meets a statutory definition of "crime of violence." See, e.g., Henry v. Bureau of Immigration and Customs Enforcement, 493 F.3d 303, 306 (3d Cir. 2007) (examining whether conviction for criminal possession of a firearm was a "crime of violence" and thus an aggravated felony, rendering the alien removable). Here, in contrast, the BIA was not examining Victor's crimes to determine whether they met some statutory definition.

sustained that grant. However, 8 C.F.R. § 1003.1(d)(3)(ii), allows the BIA to review questions of discretion de novo. The BIA did not disagree with the IJ's factual findings or engage in its own fact finding in violation of the regulations. Rather, the BIA's decision reflects that the BIA determined that a favorable exercise of discretion was not warranted when the equities in Victor's case were balanced against the negative factors. To the extent Victor challenges the BIA's balancing of the factors, we lack jurisdiction to consider the BIA's discretionary decision. Victor's due process argument stemming from the alleged legal error is also without merit.

Accordingly, we will deny the petition for review in part, and dismiss it in part for lack of jurisdiction.

6